[Civ. No. 3002.   Second Appellate District, Division One.—December 4, 1919.]

## WILL S. FAWCETT, Respondent, v. EDMUND PEYCKE COMPANY (a Corporation), Appellant.

[1] ACCOUNTING—SALE OF FRUIT BY COMMISSION MERCHANT—COLLECTION OF CLAIMS FOR DAMAGES—PLEADING.—In this action, in form one for an accounting for moneys received by a commission merchant from railroad and transportation companies on account of claims for damage resulting from the mishandling of plaintiff's fruit, the allegations of the complaint were sufficient to show that the defendant had received and failed to account to the plaintiff for money in excess of the amount of the judgment.

[2] ID.—SEVERAL CAUSES OF ACTION—STIPULATION OF MONEYS COLLECTED—GENERAL FINDINGS.—The fact that the plaintiff in such action set forth in the form of various causes of actions or counts the facts relating to the handling of the crops for the different years did not require the trial court to make specific findings of facts and assign them to the several causes of action, where there was admitted in evidence a stipulation to which was attached an itemized statement of all the claims filed against railroad companies on behalf of plaintiff by defendant and all the amounts collected by the defendant thereon. General findings as to the facts, and a determination that the amount for which judgment was awarded was due plaintiff, was sufficient.

[3] ID.—OFFSET FOR COLLECTION OF CLAIMS—AGREEMENT NOT TO CHARGE—ADMISSIBILITY OF PAROL EVIDENCE.—In this action against a commission merchant to recover moneys collected from railroad and transportation companies on account of claims for damages resulting from the mishandling of plaintiff's fruit, the defendant in his answer having claimed a certain percentage for the collection thereof as an offset, parol evidence was admissible to show that defendant's manager orally agreed with plaintiff that there would be no commission charges over and above the charge for the shipment and sale of the fruit as agreed upon in the writings.

[4] ID. — CONFLICTING EVIDENCE — FINDINGS. — The trial judge's determination of the fact that no commissions were owing as offsets, where that matter was the subject of a conflict of testimony, must be taken as final.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Woodruff & Shoemaker, George H. Woodruff and Clyde C. Shoemaker for Appellant.

Davis & Rush for Respondent.

JAMES, J.—Appeal from a judgment by which plaintiff was awarded a sum of money in excess of two thousand dollars.

The defendant, during the time material to this controversy, was engaged in business as a commission merchant or broker handling fruits and agricultural products. It contracted with the plaintiff to ship and market crops of canteloupes and grapes produced during the years 1911, 1912, and 1913. The contracts covering the obligations of the parties were evidenced by letters. In brief, it may be stated, with which the uncontradicted testimony agrees, that the defendant, after the fruit was delivered to it, assumed the obligation to transport and market it, with full power in that connection, rendering an account to the plaintiff for the net proceeds therefrom. The compensation of defendant was a commission, that being definitely fixed by the agreement. The crops for the years mentioned were handled by the defendant and an account and return was made of the proceeds derived from the sale, less commissions, to the plaintiff. However, in addition to the returns of sale of the crops, the defendants collected various amounts of money from railroad and transportation companies on account of claims for damage resulting from the mishandling of plaintiff's fruit. After the third-year crop had been marketed, the plaintiff claimed to have discovered that there was a large amount of money due him on account of these damage demands, which money the defendant had failed to include in its accounts and failed to pay over. It appeared in testimony that some

moneys had been paid over, but that the amount for which the court awarded judgment remained in the defendant's hands at the time the action was brought. Plaintiff by his suit assigned this failure to account as a breach of duty on the part of his agent; alleged that true accounts had not been rendered, and that he was unable to determine precisely what amount of money the defendant held to which the plaintiff was entitled. [1] The action in form was one for an accounting, which remedy the trial court enforced against the defendant. Plaintiff's complaint contained five counts. These counts referred to the contract and employment of the defendant, first, for the handling of the canteloupe crop for the season 1911; second, for the handling of the grape crop for the season 1911; third, for the handling of the canteloupe crop for season 1912; fourth, for the handling of the grape crop for the season 1912; the fifth count referred to one contract with reference to the grape and canteloupe crops for the year 1913. Each count of the complaint was similar in form and language: It was set forth that under the agreement with the defendant, defendant was to account for all money received from the sale of the fruit "or any claim against any railroad company, or from any other source in connection with the sale, marketing and disposition of said" crops. The allegations of the complaint were sufficient, we think, to show that the defendant had received and failed to account to the plaintiff for money in excess of the amount of the judgment. We do not think there was any such uncertainty about the allegations in these particulars as to make the complaint vulnerable to the demurrer of the defendant. [2] The trial judge made general findings, without separating the facts or assigning them to the several alleged causes of action, and determined that the amount for which judgment was awarded was due to the plaintiff. One of the contentions of appellant is that the findings are not specific enough in this particular; but in view of a stipulation entered into between the parties and filed in the case, we think that the findings were as specific as the court was required to make. In the bill of exceptions it appears that an itemized statement had been, before trial, filed among the papers of the case, and the terms of the stipulation thereto attached and signed showed that the paper contained a full statement of all the claims filed against railroad companies on behalf

of the plaintiff by the defendant and all the amounts col-
lected by the defendant thereon. While the record shows
that there was an objection to the introduction of the stipu-
lation in evidence, it is not stated what the objection was.
But even though an objection had been made in appropriate
language and upon legal grounds, we think that the evidence
was admissible. The court then had before it as a stipulated
fact, assuming the same was competent to the issues tendered,
a statement of the amount collected by the defendant. This
was the ultimate thing that plaintiff sought by his action to
have ascertained, and, to our minds, it matters not that he
had set forth in the form of various causes of action the facts
relating to the handling of the different crops. The collec-
tion of this money was all made by the defendant as the agent
of the plaintiff, and at the time the action was brought the
total amount had accrued. We think that the complaint
might well have detailed the facts covering the various en-
gagements of the defendant as the agent of the plaintiff in
one cause of action, asserted that a breach of the agency
duty had occurred by failure to fully account, and asked the
court to make examination and determine what, if anything,
was due from the defendant to the plaintiff. The stipula-
tion entered into between the parties obviated the necessity
for an examination of the accounts of the defendant and
furnished the court with the needed evidence as to the aggre-
gate amount due. Defendant, however, did not admit that
the full amount stated in the stipulation and unaccounted for
was due to the plaintiff, but contended by counterclaim that
as offsets thereto a commission of fifteen per cent was due it
on the amount of all claims collected and those which had
been placed in position to be enforced. [3] The court
found against the defendant's claim in this regard and al-
lowed testimony to the effect that defendant's manager had
orally agreed with the plaintiff that there would be no com-
mission charges over and above the charge for the shipment
and sale of the fruit as agreed upon in the writings. It is
claimed that the admission of this testimony was error as
being an attempt to change and vary the terms of a written
contract, and further, that the claim account constituted a
separate contract and not the contract sued upon by the plain-
tiff. We have already noted that the complaint did set forth
an agreement on the part of the defendant to collect the

accounts both upon the sale of fruit delivered to it and also for any claims made against transportation companies for damages. We think that in this suit for an accounting it is immaterial whether the claim account should be treated as the subject of a distinct and separate contract from the fruit sales account. Plaintiff alleged the agency relation of the defendant as to both of those matters and sought an accounting to have it ascertained as to what amount defendant might have in its hands belonging to the plaintiff. If the claim account was a separate matter of agreement, then the parol testimony was competent to establish it, and if, on the other hand, such account was incidental to the main agency but not referred to in the writings, the oral testimony would also be competent to show agreement or custom governing the same. It nowhere appears that defendant could have been misled as to what the plaintiff was endeavoring to have ascertained and determined by his action. The defendant in its answer controverted the issues tendered, alleged its counterclaims as offsets to the damage claim demands, and furthermore made a stipulation with its adversary agreeing precisely upon the amount of the items in dispute. We can find in this record nothing which will support the claim that prejudicial error has been committed which has prevented the defendant from having its side of the controversy fully considered. [4] As to the question of counterclaims, that matter was the subject of conflict of testimony; hence the trial judge's determination of the fact that no commissions were owing as offsets must be taken as final.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1920.

All the Justices concurred.